UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ISAAC MILLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV197-PPS/MGG |
| SIMS, et al., | |
| Defendants. | |

OPINION AND ORDER

Isaac Miller, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Miller is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notably, however, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Miller alleges he was escorted, in handcuffs, to his cell at the Indiana State Prison by Officer Sims and Officer Sanders on March 25, 2021, after taking a shower. When they arrived, Officer Sims took him back into the cell with the handcuffs still on. Miller was "[f]eeling threaten[ed]," so he asked Officer Sims to step outside. ECF 1 at 2. Officer Sims had a "prolong[ed] delay[ed] reaction to leaving [the] cell," but he eventually stepped out and went to the port to uncuff Miller. *Id*. However, because he was "still upset" by the encounter, Miller "quickly jerk[ed] my arm back as a reaction to him touching me." *Id*. In response, Officer Sims aggressively "snatched up my arm" through the port which caused Miller pain. *Id*. Before he walked away, Officer Sims spit in Miller's face. Miller has sued Officer Sims for "spitt[ing] onto my face" and Warden Ron Neal because he "didn't do an adequate job to see that my rights [weren't] violated." *Id*. at 3. He seeks monetary damages and to be transferred to a different prison.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving

order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)).

To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Of note, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (citations and quotation marks omitted). The purpose of this requirement is to "emphasize an important difference" between constitutional law and tort law. *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012). "In tort law, any unconsented and offensive touching is a battery," and even a "tickle with a feather can lead to an award of damages." *Id.* Such is not the case with constitutional law. *Id.* Indeed, in the prison context, "[c]ustodians

3

must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable." *Id.*

Miller alleges Officer Sims spit on him after a heated exchange. While this is plainly unprofessional conduct and should, if true, be grounds for employee discipline, it is not the type of physical contact that gives rise to an Eighth Amendment excessive force claim. *Hudson*, 503 U.S. at 9-10; *Guitron*, 675 F.3d at 1046. *See also DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (Seventh Circuit in agreement with the district court's disposition that "a correctional officer spitting upon a prisoner does not rise to the level of a constitutional violation.").

In his complaint, Miller also makes reference to Officer Sims aggressively snatching his arm through the cuff port because Miller jerked it away when Officer Sims tried to remove the handcuffs. But Miller's complaint makes it clear that what he is actually suing about is the spitting incident. But even if he was attempting to proceed based on the arm-snatching incident, I find that these allegations still don't state a claim. *Guitron*, 675 F.3d at 1046; *see also Outlaw v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001) (slamming a cuff port door on an inmate's hand, which caused swelling and bruising, was found to be relatively minor force that was not actionable under the Constitution because it was not the type "that is repugnant to the conscience of mankind") (quoting *Hudson*, 503 U.S. at 9–10). Therefore, Miller hasn't stated any viable constitutional claims against Officer Sims.

4

Miller has named Warden Neal as a defendant as well for failing to ensure his rights were protected. For the reasons I outlined above, Officer Sims did not violate Miller's constitutional rights, so this does not state a claim. Moreover, Warden Neal cannot be held personally liable for the actions of Officer Sims, as supervisor liability is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

ACCORDINGLY:

This case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint does not state any viable claims.

SO ORDERED on April 18, 2024.

    /s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT